**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | 2:20-cr-204-25 |
| | ) | |
| MARQUILLE WRIGHT, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

Before the Court is Marquille Wright's motion for early termination of supervised release (ECF 1523). Having considered the motion and the responses by the government and the Probation Office, the Court concludes that it is constrained to deny Mr. Wright's motion for early termination.

Mr. Wright appeared before the Court for his revocation hearing on September 10, 2026. ECF 1514. At the hearing, Mr. Wright expressed a desire to move to Florida, where he has family and a job awaiting him. ECF 1523, at 2. This Court expressed a willingness to consider Mr. Wright's relocation, and the Probation Office sought to transfer Mr. Wright's supervision to Florida. *Id.* That request was denied, so Mr. Wright now seeks early termination. *Id.*

**I. Mr. Wright is ineligible for early termination under 18 U.S.C. § 3583(e)(1).**

Mr. Wright asserts that he is eligible for supervised release under 18 U.S.C. § 3583(e)(1). ECF 1523, at 3. Section 3583(e)(1) allows a district court to "terminate a term of supervised release . . . after the expiration of one year of supervised release."

Mr. Wright's motion is foreclosed by the Third Circuit's recent decision in *United States v. Santana-Robles*, which was issued shortly after Mr. Wright's revocation hearing. No. 26-1011, 2026 WL 2857095 (3d Cir. Sept. 23, 2026). In *Santana-Robles*, the Third Circuit clarified that Section 3583(e)(1)'s one-year clock starts "from the beginning of the *current* term of supervised release that a defendant

may seek to terminate." 2026 WL 2857095, at *3. So, when a defendant is sentenced to an additional term of supervised release at a revocation hearing, his one-year clock starts ticking from the date that term begins.

In light of *Santana-Robles*, Mr. Wright is ineligible for early termination under Section 3583(e)(1). At his September 10, 2026, revocation hearing, Mr. Wright was sentenced to time served and a one-year term of supervised release. ECF 1515. He has not been on supervised release for more than one year since then.

**II. The Court will construe Mr. Wright's reply as a motion to modify.**

Recognizing that *Santana-Robles* forecloses early termination, Mr. Wright has filed a reply requesting the Court instead modify the conditions of his supervised release to let Mr. Wright move to Florida. ECF 1530; *see* 18 U.S.C. § 3583(e)(2) (permitting a district court to modify the conditions of supervised release at any time). The Court will construe Mr. Wright's reply as a motion and order the government and Probation Office to respond.

*****

Defendant Marquille Wright's Motion for Early Termination of Supervised Release (ECF 1523) is **DENIED**. Additionally, the Court construes Mr. Wright's reply (ECF 1530) as a motion to modify the conditions of his supervised release. Both the government and Probation Office shall file responses to Mr. Wright's motion to modify on or before November 5, 2026. The Probation Office may file its response under seal.

DATED this 29th Day of October, 2026

BY THE COURT:

*/s/ J. Nicholas Ranjan*
United States District Judge